**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CATHARON INTELLECTUAL PROPERTY, LLC,**<br><br>                 Plaintiff,<br><br>    v.<br><br>**MICROSOFT CORPORATION,**<br><br>                 Defendant. | **Civil Action No. 6:13-cv-691**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Catharon Intellectual Property, LLC ("Catharon" or "Plaintiff") makes the following allegations against Microsoft Corporation. ("Microsoft" or "Defendant"):

**PARTIES**

1.    Plaintiff Catharon is a Texas limited liability company, with its principal place of business located at 800 Brazos St., Suite 400, Austin, TX 78701.

2.    On information and belief, Defendant Microsoft Corporation, Inc. is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at One Microsoft Way; Redmond, WA 98052. Microsoft can be served via its registered agent for service of process: Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,065,046

6. Plaintiff is the owner by assignment of United States Patent No. 6,065,046 ("the '046 Patent") titled "Computerized System and Associated Method of Optimally Controlled Storage and Transfer of Computer Programs on a Computer Network." The '046 Patent issued on May 16, 2000. A true and correct copy of the '046 Patent is attached as Exhibit A.

7. Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '046 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least the Microsoft Silverlight and Microsoft Prism products) that practice the methods of optimally controlling storage and transfer

of computer programs between computers on a network to facilitate interactive program usage, storing an applications program in a nonvolatile memory of a first computer, said applications program being stored as a plurality of interacting individual and independent machine-executable code modules, in response to a request from a second computer transmitted over a network link, retrieving a selected one of said machine-executable code modules and only said selected one of said machine-executable code modules from said memory, and transmitting said selected one of said machine-executable code modules over said network link to said second computer as covered by one or more claims of the '046 Patent. Defendant is directly infringing, literally infringing, and/or infringing the '046 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '046 Patent pursuant to 35 U.S.C. § 271(a).

8. Defendant has also been inducing infringement of the '046 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) by intentionally and knowingly inviting and instructing the users of Defendant's software products to perform the claimed methods and by supplying software modules or components used to directly infringe. Defendant induces the direct infringement of the '046 Patent by marketing and/or distribution of the Microsoft Silverlight and Microsoft Prism products along with instruction documents such as developer's guide, technical articles, and presentations. Defendant has known of the '046 Patent at least as early as April, 2002 when it referenced the '046 Patent in the application leading to U.S. Patent No. 6,988,139 ('139 Patent) and at least four other patents in the same technology field.

9. Defendant has also been contributing to the infringement of the '046 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by distributing, selling or offering to sell in the United States the Microsoft Silverlight and Microsoft Prism products with

knowledge that the software is especially made or adapted for use in a way that infringes. Defendant has known of the '046 Patent at least as early as April, 2002 when it referenced the '046 Patent in the application leading to the '139 Patent and at least four other patents in the same technology field. The software that Defendant provides is a significant part of the inventions of the claims of the '046 Patent and has no significant non-infringing uses.

10. On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '046 Patent complied with any such requirements.

11. As a result of Defendant's infringement of the '046 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

12. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '046 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '046 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '046 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '660 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Catharon, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED September 20, 2013.　　　　　　Respectfully submitted,

By: \s\ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Associates, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF CATHARON INTELLECTUAL PROPERTY, LLC**